FAJARDO *v.* SCHULZE & CO. ET AL.

APPEAL from the District Court of Mayagüez.

No. 117.—Decided April 29, 1907.

FEES—AGENT.—It not having been proved that the action referred to in the complaint in the case at bar for the recovery of fees, and out of which this

suit arises, was prosecuted by one of the defendants as the agent or the other, it is impossible to hold the latter responsible for the payment of the costs which the former was adjudged to pay in said action; and in regard to the defendant who was required to pay such costs, as the amount of the fees claimed in this case have not been proven, the complaint should be dismissed.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Pascasio Fajardo brought suit in the District Court of Mayagüez against Schulze & Co., and against F. C. Nielsen. The facts and the prayer set out in the complaint are as follows:

"1. On the 24th of August, 1901, the firm of Schulze & Co., in liquidation, brought suit against the Sucesión de Doña Asunción Castro, who was the wife of Don Lorenzo Martínez Ohuviñas, for the recovery of a parcel of land which it was claimed formed a part of the coffee plantation called 'Buena Vista' situated in the ward of Río Cañas, of the municipality of Las Marías.

"2. After all the proceedings had been had in the case, a judgment was rendered dismissing the suit, and an appeal having been taken from the same to the Supreme Court of Porto Rico by Schulze & Co., in liquidation, this was dismissed, and the appellants were required to pay the costs of the appeal.

"3. As appears from clause 5 of the explanatory writing hereto attached, Mr. F. C. Nielsen, then the owner of the *Hacienda* Buena Vista, authorized Messrs. Schulze & Co., in liquidation, to bring a suit ror recovery, making himself by this fact alone jointly responsible in the suit, and therefore taking the consequent risk assumed by every plaintiff to the action.

"4. In the suit for recovery brought by Schulze & Co. in liquidation, in their own right, and as representative of Mr. F. C. Nielsen, as appears from clause 5 already cited in the writing of explanation, which is hereto attached, I carried the case before the Supreme Court as counsel for the defendant *sucesión*, and in this matter my fees amount to $1,000, which not having been paid to me, should be paid by the defendants, Messrs. Schulze & Co., in liquidation, and Mr. F. C. Nielsen, the former as representatives of the latter, and thus the

judgment of the Supreme Court which adjudged the plaintiffs, Schulze & Co., in liquidation, to the payment of the costs of the appeal, which would be complied with.

"5. In view of the above I pray the court to consider this complaint as filed and after citation of the parties defendant and after the hearing of the evidence, that judgment be rendered declaring the law and the facts to be in my favor, and in consequence thereof to adjudge the defendants Schulze & Co., in liquidation, and F. C. Nielsen to be jointly and severally responsible for the payment of my fees, amounting to $1,000, and that they pay the costs of this suit."

1. The defendant Nielsen answered and set up that even if the document of the 20th of June, 1901, could be interpreted as a power of attorney it did not make of Schulze & Co., his representative (*mandatario*), but only recognized their rights and duty as vendors for the purpose of clearing their title, and such recognition was made at the instance of that firm, and not of the defendant.

2. That even if Schulze & Co. were fully authorized to represent him, such authorization would have to be limited to a legal claim against Don Lorenzo Martínez and not against the *Sucesión* of Doña Asunción Castro, unless the mandatory had been given rights by something else than those provided for in the document.

3. That the suit which gave rise to the claim of the complainant was started and maintained exclusively in the name of Schulze & Co., in liquidation, and nowhere throughout its course was mentioned the name of this party defendant.

4. Even if the document should be considered as authorizing a suit to be commenced before the District Court of Mayagüez, it could not be interpreted to give authority to appeal to the Supreme Court.

Schulze & Co. answered admitting all the facts of the complainant with the exception that they maintain that the fees (*honorarios*) did not amount to the sum of $1,000, and excepting, also those facts which tended to demonstrate the responsibility of their codefendant.

On the 14th of December, 1906, the District Court of Mayagüez found against the complainant, and delivered the following opinion:

"*Opinion.*—The court, after hearing the evidence and the allegations of the parties litigant, considers that it has not been shown in any wise that the firm of Schulze & Co., in liquidation, had litigated as the representative of F. C. Nielsen in the suit prosecuted by the former against the *Sucesión* of Doña Asunción Castro, from which the present litigation arises inasmuch as the fifth clause of the explanatory writing of the 20th of June, 1901, upon which the plaintiff bases such conclusion, does not contain anything except a simple authorization from Nielsen to Schulze & Co. in order that they might exercise judicially the right belonging to the latter, but not that Schulze & Co. might make effective, actions and rights belonging to Nielsen, the person giving the authorization, which in any event would be the extent to which the power went. And that neither has it been in any way proven that the costs to which Schulze & Co. had been adjudged by the Supreme Court of Porto Rico, in the suit to which reference is made in the complaint, amount to the sum of $1,000. Therefore, the court is of opinion that the law and the facts are against the plaintiff, and in favor of the defendants, and consequently dismisses the complaint filed, absolving from liability thereunder the said defendants, with the costs against the plaintiff; it being ordered that the attachment levied to secure the effectiveness of the judgment shall become null and void; that a writ be issued to the marshal for the execution of this judgment, and whatever other steps may be necessary."

There was no proof in the court below of any expressed authorization by the defendant Nielsen to file a suit for him for the purpose of recovering the particular piece of property that it was sought to recover of the *Sucesión* of Doña Asunción Castro. There is nothing to show, in point of fact, that the proceedings actually begun and carried out by Schulze & Co. were done at the instance or by the authority of said defendant. We therefore feel bound to agree with the interpretation put upon the fifth clause of the contract by the court below, that without some authority or ratification by the defendant Nielsen the suit and its consequences could only

be held to devolve upon the defendant Schulze & Co. The alleged document appears to be nothing more than what it is claimed for it by the defendant, namely, a recognition of the right and duty of the said Schulze & Co. to deliver the property free from the outstanding claims of Lorenzo Martínez.

With respect to the defendant Schulze & Co., we agree with the court that the complainant failed to prove that the sum which he was entitled to recover as fees (*honorarios*) was shown to amount to the sum of $1,000.

For these reasons the judgment of the court below must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.